IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| MONROE GUILLORY | § | |
| VS. | § | CIVIL ACTION NO. 1:07cv977 |
| RISSI L. OWENS, ET AL. | § | |

<u>MEMORANDUM OPINION REGARDING VENUE</u>

Plaintiff Monroe Guillory, an inmate confined at the CCA facility located in Mineral Wells, Texas, proceeding *pro se*, brings this civil rights action against Rissi L. Owens, Christina Melton Crain, Brad Livingston, and Pamela Williams.

The above-styled action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636 and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to the United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case.

<u>Factual Background</u>

Plaintiff complains that the defendants have violated his constitutional rights by illegally extending his sentence as the result of policies and practices for assigning him to an intermediate sanction facility and denying him credit for time spent on parole or mandatory supervision. Plaintiff alleges he has been denied due process; denied parole based on the finding of a weapon, in violation of the Sixth Amendment; and has had good time canceled, in violation of the Separation of Power Doctrine. Plaintiff seeks compensatory and punitive damages and injunctive relief.

## Analysis

When, as in this case, jurisdiction is not founded solely on diversity of citizenship, 28 U.S.C. § 1391 provides that venue is proper only in the judicial district where the defendants reside or in which the claim arose. Here, plaintiff complains of incidents which presumably occurred at the location of his confinement in Mineral Wells, Texas. Further, the defendants are located either in Austin, Texas which is in the Western District of Texas or in Huntsville, Texas which is located in the Southern District of Texas. When public officials are parties to an action in their official capacities, they reside for venue purposes in the county where they perform their official duties. *Holloway v. Gunnell*, 685 F.2d 150 (5th Cir. 1982); *Lowrey v. Estelle*, 433 F.2d 265 (5th Cir. 1976).

Pursuant to 28 U.S.C. § 124, Mineral Wells, Palo Pinto County, Texas, is in the Fort Worth Division of the Northern District of Texas. As the claim arose in the Northern District and the defendants reside in either the Western or Southern Districts, venue in the Eastern District of Texas is not proper.

When venue is not proper, the court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). After consideration of the particular circumstances in this action, it is the opinion of the undersigned that this case should be transferred to the Northern District of Texas, the district in which the claims presumably arose and plaintiff's

inmate records are located.  An appropriate order so providing will be entered by the undersigned.

 **SIGNED** this  2  day of    May   , 2008.

 

_____
KEITH F. GIBLIN
UNITED STATES MAGISTRATE JUDGE